# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09CV394-1-MU

|                                   |   |          |
|-----------------------------------|---|----------|
| RANDOLPH A. WATTERSON,            | ) |          |
|                          Plaintiff, | ) |          |
|                    Vs.            | ) | **ORDER** |
| MAX DAVIS, <u>et al.</u>,         | ) |          |
|                          Defendants. | ) |       |

**THIS MATTER** comes before the Court upon Plaintiff's Motions to Amend (Doc. Nos. 31,[1] 35, 38, 41, 51, 58), filed March 5, 2010, April 1, 2010, April 8, 2010, April 21, 2010, May 19, 2010, and May 26, 2010.

On September 11, 2009, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 asserting a claim of excessive force against Max Davis,[2] S. Wilkinson, and Officer Grosche, all correctional officers at the Gaston County Jail. (Doc. No. 1). On November 12, 2009, Defendants filed an Answer to Plaintiff's Complaint. (Doc. No. 16.) In addition to numerous other motions, Plaintiff has filed six motions to amend in the last three months.

Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its pleading

---

[1] In addition to a request to amend his Complaint, document number 31 also contains a motion for an order compelling discovery. The discovery request, along with Plaintiff's other discovery motions, will be addressed in a separate order.

[2] On September 22, 2009, this Court dismissed Max Davis from this matter. (Doc. No. 3.)

once as a matter of course within 21 days of serving the pleading or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (1), whichever is earlier." If a party seeks to amend its pleadings in all other cases, it may only do so with the opposing party's written consent or leave of court. Leave should be freely granted when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment. . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). "Motions to amend are committed to the discretion of the trial court." Keller v. Prince George's County, 923 F.2d 30, 33 (4th Cir.1991).

However, when a plaintiff seeks to add new parties, the requirements of Rule 20 of the Federal Rules of Civil Procedure must be met. Pursuant to Rule 20, persons may be joined "in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences: and (B) any question of law or fact common to all defendants will arise in the action." A claim arises from the same transaction or occurrence as another claim where the two claims are "reasonably related." Saval v. BL Ltd., 710 f2d 1027, 1031 (4th Cir. 1983).[3]

---

[3] The Court notes that to allow prisoners to raise a variety of complaints arising from separate events against many defendants would undermine the intent behind the PLRA which requires that inmates must pay the full filing fee for each separate suit. 28 U.S.C. § 1915(b)(1). To allow an inmate such as Plaintiff to "package many lawsuits into one complaint exempts him from such a cost, benefit analysis and thus undercuts the PLRA." Canada v. Ray, No. 7:08cv219, 2009 WL 2448557, at * 3 (W.D. Va. Aug.

Through his motions to amend, Plaintiff seeks to add the following parties and claims to his Complaint pursuant to 42 U.S.C. § 1983:

**Tony Caskey**

Plaintiff requests leave to amend his Complaint to include Tony Caskey as a defendant. (Doc. No. 35.) Plaintiff asserts that Caskey was the observing officer in the booth on the date of the excessive force incident. Plaintiff asserts that he electronically unlocked Plaintiff's cell from the control booth and allowed Defendants Wilkinson and Groshe to enter his cell. Plaintiff asserts that because he opened the cell door, Caskey is "contributory to the civil negligence in this matter."

As previously stated, Rule 15 of the Federal Rules of Civil Procedure governs the procedure for amending § 2255 motions. Absent bad faith, undue prejudice to the opposing party, or futility of amendment, leave to amend under Rule 15(a) shall be freely given. See Foman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff's allegations against Caskey fail to state a claim and as such his Motion to Amend to add Caskey as a party is denied as futile. The mere fact that Caskey electronically opened Plaintiff's cell door is insufficient to state a claim against him for excessive force. Significantly, Plaintiff provides no specific factual allegation that would support the conclusion that Caskey opened Plaintiff's cell for the purpose of allowing the alleged excessive force incident to occur. A complaint must contain factual allegations, otherwise the claim is nothing more than a bare assertion and frivolous. See White v. White, 886 F.2d 721, 723 (4th Cir. 1989)(minimum level of factual support required). Plaintiff's Motion to

---

10, 2009).

Amend to add Caskey as a defendant is denied as futile for failure to state a claim.

**Captain Yelton, Max Davis and Unidentified Nurse**

Plaintiff also seeks to amend his claim to add Max Davis, Captain Yelton, and an unidentified nurse as defendants. (Doc. No. 41) Plaintiff alleges that after the alleged excessive force incident Max Davis and Yelton approached him about obtaining a blood sample to allow his blood to be tested for communicable diseases.[4] Plaintiff alleges that he informed them that he was a Jehovah Witness and it was against his religious beliefs to allow his blood to be drawn. Plaintiff states that Max Davis verbally abused him and Plaintiff stated to them that he could not stop them from doing whatever they were going to do. The nurse then drew Plaintiff's blood. Plaintiff states that Captain Yelton stood by and allowed Plaintiff's blood to be drawn in spite of his protests. Plaintiff argues that these individuals have violated his religious rights and his Fourth and Fourteenth Amendment rights. Plaintiff's Motion to Amend to add these three individuals as defendants is denied for failure to comply with Rule 20. First, the drawing of the blood was a separate and distinct act from the alleged excessive force incident – they occurred at different times and were perpetrated by completely different individuals. Second, there is no question of law or fact common to all defendants. Plaintiff's Motion to Amend is denied.

**Alan Cloninger**

Plaintiff in several motions also seeks to amend his Complaint to add Alan

---

[4] Plaintiff asserts that Defendant Grosche cut his hand during the alleged excessive force incident and was concerned about contracting a communicable disease from Plaintiff.

4

Cloninger, the Sheriff of Gaston County, as a defendant. (Doc. No. 31.) First, Plaintiff seeks to add him simply on the basis of his status as Sheriff. To this end, Plaintiff asserts that as Sheriff Cloninger is legally responsible for the overall operation of the Gaston County Jail.[5]

Supervisory liability under § 1983 may not be predicated only on the theory of respondeat superior. See Vinnedge v. Gibbs, 550 F.2d 926, 929 (4th Cir. 1977). Section 1983 requires a showing of personal fault on the part of a defendant either based on the defendant's personal conduct or another's conduct in execution of the defendant's policies or customs. Plaintiff does not allege any personal conduct by Cloninger regarding the alleged excessive force incident. Nor does Plaintiff allege that he was beaten as the result of a policy of Cloninger. As such, Plaintiff has failed to state a claim against Cloninger due to his status as Sheriff and his Motion to Amend on that basis is denied

Plaintiff also seeks to add Cloninger as a defendant in conjunction with adding a claim of retaliatory transfer. (Doc. No. 38.) More specifically, Plaintiff alleges that while he was preparing for his criminal trial he was transferred from Gaston County Jail to the Catawba County Jail which was one hour away and that this transfer interfered with his attorney visits. Plaintiff asserts that this transfer was in retaliation for his filing of the instant lawsuit. Plaintiff asserts that this transfer violated his due process rights as it adversely effected the outcome of his criminal trial.

---

[5] To the extent Plaintiff is again seeking to add Cloninger as a defendant based upon his assertion that Cloninger has failed to discipline the individuals involved in the excessive force incident, the Court has already denied a motion to amend on that basis. (Doc. No. 9.)

5

Plaintiff again fails to comply with Rule 20. That is, this claim is not based upon a transaction or occurrence reasonably related to the excessive force incident in the original Complaint. More importantly, the allegation does not present a common issue of fact or law. Plaintiff's Motion to Amend to add Cloninger as a defendant with regard to a retaliatory transfer claim is denied for failure to comply with Rule 20.

In addition to violating Rule 20, the Court notes that Plaintiff's conclusory allegation of retaliatory transfer[6] fails to state a claim. Vague, conclusory assertions of a retaliation are insufficient to present an actionable claim under § 1983. Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994); Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir.1996). Consequently, Plaintiff's Motion to Amend to add a retaliatory transfer claim is also denied as futile.

Plaintiff also seeks to add Cloninger as a party in conjunction with a claim regarding interference with his incoming and outgoing legal mail.[7] (Doc. No. 38.) More specifically, Plaintiff asserts that his legal mail is being opened outside his presence. Plaintiff also asserts that Cloninger is interfering with mail to and from his son who is incarcerated in a different facility. (Doc. No. 51.) Again, Plaintiff's motion fails to comply with Rule 20. At a minimum, there is no common issue of fact or law between this alleged claim and the excessive force claim which forms that basis of Plaintiff's Complaint. In addition, this Court does not find that the actions complained of –

---

[6] Inmates have no constitutional right to be housed in any particular prison or jail. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215(1976).

[7] Plaintiff complains that all of his legal mail, not just mail associated with this case, is being interfered with.

interference with mail – arises out of the same or similar transaction or occurrence as Plaintiff's excessive force claim. Plaintiff's motion to amend on this basis is denied.

**Virginia Brookshire**

Plaintiff also seeks to add Virginia Brookshire, a mail room supervisor at Marion Correctional Institution, as a party to this action.[4] (Doc. No. 38.) Plaintiff seeks to add her in conjunction with the legal mail claim discussed above. For the same reasons set forth above, this Court concludes that Plaintiff has not complied with Rule 20 and his Motion to Amend is denied on that basis.

**Sergeant Maxwell**

Plaintiff also seeks to add Sergeant Maxwell, a mail room supervisor at the Gaston County Jail as a defendant. (Doc. No. 51.) Plaintiff alleges that Sergeant Maxwell has himself, or has allowed other detention officers, to return to Plaintiff mail he has sent to his son. Again, Plaintiff has failed to comply with the requirements of Rule 20. That is Plaintiff is seeking to add a defendant based upon a claim that does not arise out of the same transaction or occurrence that forms the basis of his Complaint. Nor is there a common issue of fact or law. Consequently, Plaintiff's request to add Sergeant Maxwell as a defendant is denied.

**Gaston County**

Plaintiff moves to amend his Complaint to add Gaston County as a defendant. (Doc. No. 58.) Plaintiff asserts that Gaston County is a proper defendant because both

---

[4] It is not entirely clear that Plaintiff is seeking to add Brookshire as a defendant. He does, however, request that this Court enjoin her from interfering with his mail. As such, this Court will treat Plaintiff's motion as a motion to amend

7

of the defendants (Wilkinson and Groshe) are paid by Gaston County. Plaintiff further asserts that Gaston County is responsible for the acts of its employees. Plaintiff alleges that Gaston County is a proper party because of its "failure to correct the deficiencies . . . and permitted the mass continuation of assaults on various inmates confined in Gaston County Jail . . . ."

Plaintiff's Motion to Amend is denied because he fails to state a claim against Gaston County. In order to state a claim of municipal liability a Plaintiff must allege that his injury was caused by the execution of a municipal custom or policy. <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694 (1978). Plaintiff's completely conclusory allegation that the County has permitted the "mass continuation of assaults on various inmates" is wholly insufficient to establish County liability. That is, Plaintiff provides no details whatsoever in support of his allegation of a custom or policy supporting the assault of inmates. Indeed he does not even provide specifics about these other alleged frequent assaults. As such, Plaintiff's Motion to Amend to add Gaston County as a party is denied for failure to state a claim.

**IT IS, THEREFORE, ORDERED that** Plaintiff's Motions to Amend (Doc. Nos. 31, 35, 38, 41, 51, 58) are **DENIED**.

Signed: July 13, 2010

Graham C. Mullen
United States District Judge