# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv394-RJC

| | |
|---|---|
| **RANDOLPH A. WATTERSON,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | )    **ORDER** |
| **S. WILKINSON, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before theFebruary 24, 2011 Court on Plaintiff's Motion for Counsel (Doc. No. 32); Motion to Compel (Doc. No. 42); Motion to Produce Documents (Doc. No. 44); Motion to Deny/Motion to Access Witnesses (Doc. No. 45); Motions for Discovery (Doc. Nos. 46 and 73); Motion for Medical Records (Doc. No. 47); and Motion to Redirect (Doc. No. 55).

According to his Complaint, Plaintiff alleges that on August 7, 2009, Defendants Wilkinson and Grosch,[1] both detention officers at the Gaston County Jail, used excessive force against him causing him to suffer a black eye, cuts to his nose, and bruised ribs. Defendants have filed an Answer to Plaintiff's Complaint. (Doc. No. 16). Although the Court had set a dispositive motions schedule by Order dated January 20, 2010, the Court granted Defendants' motion for extension of time to file dispositive motions given Plaintiff's numerous motions. (Doc. Nos. 27 and 48). On June 2, 2010, the Court entered an Order enjoining Plaintiff from filing any further documents in this case without the express permission of the Court. (Doc. No. 60).

---

[1] Defendant Davis was dismissed by Order dated September 22, 2009 (Doc. No. 3).

1

## I. MOTION FOR COUNSEL

Plaintiff asks this Court to appoint him counsel. (Doc. No. 32). This is Plaintiff's second such request. (Doc. No. 18). Petitioner's first request was denied by Order dated December 1, 2009. (Doc. No. 20). As previously explained, the appointment of counsel under § 1915(e)(1) in cases brought under 42 U.S.C. § 1983 is discretionary. Whisenant v. Yuan, 739 F.2d 160, 163 (4th Cir. 1984). Counsel should be appointed in "exceptional circumstances." Id.; Cook v. Bounds, 518 F.2d 779 (4th Cir. 1975). The existence of "exceptional circumstances" depends upon two factors: type and complexity of case and ability of pro se litigant to present case. Whisenant, 739 F.2d at 163. At this time, the Plaintiff is adequately representing himself, and this case is not complex. Therefore, Plaintiff's motion is DENIED.

## II. MOTIONS REGARDING WITNESSES

Plaintiff has filed two motions regarding witnesses. (Doc. Nos. 45 and 55). In his first motion, Plaintiff seeks a Court Order directing that Defendants be restricted from eliciting any information from his witnesses prior to trial without Plaintiff's written permission. (Doc. No. 45). Plaintiff also asks the Court to direct that defense counsel not be permitted to question or depose any of Plaintiff's witnesses outside of his presence. (Doc. No. 55). Plaintiff has presented no legal authority to support these requests; therefore, his Motions are DENIED. Next, Plaintiff has asked the Court to direct Marion Correctional Institution, where Plaintiff was housed at the time he filed the request, not to interfere with this litigation by censoring his mail to and from his witnesses in connection with this lawsuit.[2] Subsequently, Plaintiff informed the Court that he was transferred Lanesboro Correctional Institution. To the extent Plaintiff's request regarding Marion should now

---

[2] The Court is aware that Plaintiff has filed a separate lawsuit alleging that his mail has been improperly censored at Marion. (Watterson v. Terrell et al., 1:10cv184).

be directed at Lanesboro, the Court will not direct Lanesboro on how to screen Plaintiff's incoming and outgoing mail. Plaintiff's motion is thus DENIED. However, the Court directs that a copy of this Order be mailed to the Superintendent of Lanesboro Correctional Institution and that the Superintendent give consideration to the fact that Plaintiff is representing himself in an excessive force claim pursuant to 42 U.S.C. § 1983 in the Western District of North Carolina and is attempting to conduct discovery in connection with that case for which he may need to use the United States Postal Service.

**III.   DISCOVERY MOTIONS**

Plaintiff also has filed several discovery motions. (Doc. Nos. 42, 44, 46, 47 and 73).

First, Plaintiff asks that the Court order the Gaston County Internal Affairs Office, which is not a party to this lawsuit, to produce numerous documents.[3] (Doc. No. 44). Gaston County, through the Assistant County Attorney, responded to the Court, to a May 7, 2010 letter from Plaintiff sent to the Internal Affairs Division of the Sheriff's Department in which Plaintiff seeks essentially the same items included in the instant motion. (Doc. No. 53-1). In that letter, the Assistant County Attorney agreed that, upon the entry of a Protective Order from the Court, it is ready to provide to Plaintiff and to defense counsel, copies of relevant, non-privileged tangible items related to the incident alleged in Plaintiff's Complaint including:

(1)   copy of audio recording of interview with Mr. Watterson taken after incident of August 7, 2009;

(2)   CD of all video footage of Plaintiff from the evening of August 7, 2009;

---

[3] Many of the documents request are not relevant to the allegations in Plaintiff's Complaint, including pictures of a previous incident from 2000- 2003; copies of reports of assaults on Plaintiff, other than the assault alleged in the Complaint; and all internal affairs documents from 1990 to the present involving the Plaintiff, other than the documents related to the allegations in the Complaint.

3

(3) Copies of audio recording of interviews with each defendant, Corporal Caskey, Sergeant Davis, Brandon Ellis, and Steven Sommerset;

(4) Written incident report from incident on August 7, 2009;

(5) Plaintiff's grievances related to the incident on August 7, 2009, dated August 7, 2009, August 10, 2009, August 11, 2009, August 12, 2009 and September 9, 2009; and

(5) Sergeant Davis's written response to grievance.

Given that the Assistant County Attorney for Gaston County is willing to produce the above documents, Plaintiff's Motion will be denied. The Court directs that defense counsel prepare a proposed protective order for the Court's signature and serve a copy of the proposed order on the Plaintiff. Defense counsel shall file the proposed protective order with the Court within fourteen (14) days of the date of this Order.

Next, Plaintiff has filed three motions related to his medical records. (Doc. Nos. 42, 47 and 73). Plaintiff asks that this Court order Carolina Correctional Health to produce a copy of his medical records from January 1, 1999, to January 1, 2010. However, Plaintiff does not want Defendants to have a copy of any of his mental health records. (Doc. No. 47). Defendants attempted to obtain the records by seeking an authorization for the release of medical records from Plaintiff. Plaintiff included a handwritten notation on the authorization excluding all references to his mental health or treatment. According to the Defendants, the medical provider indicated that it would send records within a given date range, but would not redact the records as Plaintiff requested. Therefore, no records have yet been obtained. (Doc. No. 54).

Federal Rule of Civil Procedure Rule 26(b) governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." The rule further states that "[r]elevant information need not be admissible

at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Plaintiff put his medical records in issue by claiming injuries as a result of an excessive force incident which occurred on August 7, 2009. Therefore, Plaintiff's medical records from August 7, 2009 to January 1, 2010 are relevant to his claim and should be provide to defense counsel. Plaintiff, of course, is entitled to his complete medical record, as requested, from this provider beginning in 1999 to January 1, 2010.

Plaintiff's Motion is GRANTED in part and DENIED in part. Plaintiff motion is GRANTED in that Carolina Correctional Health shall provide Plaintiff his entire medical record, as requested, from January 1, 1999 to January 1, 2010, and shall also provide Plaintiff's medical record from August 7, 2009 to January 1, 2010 to defense counsel, Martha Raymond Thomson. Plaintiff's motion is DENIED to the extent it includes insurance related documents of Carolina Correctional Health, which do not appear to have any connection with this case.

Plaintiff also seeks a Court Order that the North Carolina Department of Corrections provide Plaintiff with a copy of his medical records for any and all treatments for the months of August and September 2009 including "any and all reports and pictures taken of plaintiff upon admission in reference to his black eye by any detention officer . . . ." (Doc. No. 42). Plaintiff also requests that the Department of Corrections provide him with "medical reports and the x-ray of Plaintiff's nose in connection with that isolated x-ray in 2010" and "any pictures of Plaintiff's injuries as a result of the actions of the defendants recorded upon Plaintiff's admission to Vanceboro Prison in 2009 to include medical examinations, doctors reports, officers reports etc . . . August 14, 2009." (Doc. No. 73). Plaintiff also requests copies of any Safekeeping Orders while he was a pretrial detainee in 2009. (Id.). The Court has considered Plaintiff's request and Orders that the Department of Corrections provide Plaintiff and defense counsel, Martha Raymond Thompson, a copy of Plaintiff's

5

medical records from August and September 2009 including pictures, medical examinations and reports and officer reports relating to Plaintiff's injuries upon admission to Craven Correctional Institution in 2009 and a copy of medical reports and the x-ray of Plaintiff's nose in 2010. Plaintiff has not established the relevance of copies of his Safekeeping Orders, and that request is thus DENIED. Therefore, Plaintiff's Motions (Doc. Nos. 42 and 73) directing that the North Carolina Department of Corrections provide copies of Plaintiff's medical records will be GRANTED in part and DENIED in part.

Plaintiff also asks that the Court deny any motion filed by defendants which impedes his request for discovery. (Doc. No. 46). Plaintiff's motion is DENIED, as the Court will consider motions as they are filed.

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion for the Appointment of Counsel (Doc. No. 32) is **DENIED**;

(2) Plaintiff's Motion to Redirect, (Doc. No. 55), in which Plaintiff asks the Court to direct that defense counsel not be permitted to question or depose any of Plaintiff's witnesses outside of his presence, is **DENIED**;

(3) Plaintiff's Motion to Deny/Motion to Access Witnesses (Doc. No. 45) is **DENIED**;

(4) Plaintiff's Motion for Order for Production of Documents (Doc. No. 44) is **DENIED**. Defendant's counsel is directed to prepare a proposed Protective Order for this Court's signature, consistent with the request of the Gaston County Assistant County Attorney, so that Gaston County can produce the documents identified in this Order to both the Plaintiff and defense counsel;

(5) Plaintiff's Motion for a Request for Medical Records from Carolina Correctional Health (Doc. No. 47) is **GRANTED in part and DENIED in part**. Plaintiff's motion is **GRANTED** to the extent that Carolina Correctional Health shall provide Plaintiff his medical records, as requested

6

from January 1, 1999 to January 1, 2010, and shall also provide to defense counsel, Martha Raymond Thompson, Plaintiff's medical records from August 7, 2009 to January 1, 2010. Plaintiff's motion is **DENIED** to the extent it includes insurance related documents of Carolina Correctional Health, which do not appear to have any relevance to this case;

(6) Plaintiff's Motions for Request for Medical Records from the North Carolina Department of Corrections (Doc. Nos. 42 and 73) are **GRANTED in part and DENIED in part**. Plaintiff's motion is **GRANTED** to the extent he is seeking copies of his medical records from August and September 2009, including pictures, medical examinations and reports and officer reports relating to Plaintiff's injuries upon admission to Craven Correctional Institution in 2009 and a copy of medical reports and the x-ray of Plaintiff's nose in 2010; and **DENIED** to the extent he is seeking copies of Safekeeping Orders;

(7) Plaintiff's Motion to Deny Extension Request for Discovery (Doc. No. 46) is **DENIED**;

(8) **The parties shall complete any remaining discovery on or before April 1, 2011 and dispositive motions, if any, shall be filed on or before May 1, 2011;**

(8) **The Court's June 2, 2010, Order enjoining Plaintiff from any further filing in this case without the express permission of the Court, (Doc. No. 60), is still in effect**;

(9) The Clerk is directed to send a copy of this Order to the Superintendent of Lanesboro Correctional Institution.

      **SO ORDERED**.                    Signed: March 1, 2011

Robert J. Conrad, Jr.
Chief United States District Judge