# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09-cv-394-RJC

| | |
|---|---|
| RANDOLPH A. WATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **PROTECTIVE ORDER** |
| ) | |
| S. WILKINSON, et al., ) | |
| ) | |
| Defendants. ) | |

Gaston County, through the Assistant County Attorney, agreed that, upon entry of a Protective Order, it is ready to provide to Plaintiff and defense counsel, copies of relevant, nonprivileged tangible items related to the incident alleged in Plaintiff's Complaint as specified in the Court's Order. (Doc. 75). The Court finds that the entry of this Protective Order is appropriate and for good cause.

Plaintiff seeks items from the Internal Affairs Division of the Gaston County Sheriff's Department that fall into three basic categories:

(1) Items related to the incident of August 7, 2009, referenced in the pleadings.

(2) Items from 1990 to the present as to Use of Force against Plaintiff;

(3) Items from 1990 to the present as to Use of Force against any individual while at the Gaston County jail.

Plaintiff also seeks additional items through his Motion for Production from the County (#44), including some of the foregoing, but also internal affairs records involving him for the past twenty years.

1

As stated in this Court's March 1, 2011 Order, items sought from categories 2 and 3, and internal affairs records for matters predating and preceding this August 7, 2009 incident, are outside the scope of this lawsuit and need not be produced. (Doc. No. 75). However, as listed in this Court's Order, certain items from category 1 which are related to the August 7, 2009 incident would be appropriate to be provided to all parties. (Id.). The court notes that Gaston County consents to the entry of this Order and the production of certain items, subject to the limitations provided herein regarding Plaintiff's use and ultimate disposition of certain items.

Therefore, on or before April 1, 2011, Gaston County is ordered to produce to the parties items in the possession of the Internal Affairs division of the Gaston County jail that pertain to the incident involving defendants arising on August 7, 2009, inclusive of copies of plaintiff's grievances, as well as incident report, photographs, video and audio footage, which are related to the incident of August 7, 2009;

Plaintiff is to limit the use of the produced items to this lawsuit. Once the lawsuit is concluded, all items are to be returned to Gaston County. Plaintiff is not permitted to share, copy or otherwise disseminate the items provided by the County pursuant to this Order, unless it is with the Court, legal counsel which may hereafter be engaged by Plaintiff or expert witnesses.

Signed: March 15, 2011

_____
Robert J. Conrad, Jr.
Chief United States District Judge