UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-cv-394-RJC

| | |
|---|---|
| RANDOLPH A. WATTERSON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>S. WILKINSON and OFFICER )<br>GROSCH, )<br>Defendants. )<br>) | **ORDER** |

**THIS MATTER** comes before the Court on a Motion by Defendants Stephen Wilkinson and Michael Grosch for Reconsideration and Clarification of the Court's Order dated March 29, 2012, in which the Court denied Defendants' motion for summary judgment. (Doc. No. 97). Specifically, Defendants seek a qualified immunity analysis from the Court as well as an explanation from the Court as to why Defendants are not entitled to qualified immunity on summary judgment.

"The doctrine of qualified immunity protects government officials from liability for violations of constitutional rights that were not clearly established at the time of the challenged conduct." Iko v. Shreve, 535 F.3d 225, 233 (4th Cir. 2008) (citing Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). It is an "immunity from suit rather than a mere defense to liability." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341(1986).

"'[C]ourts are required to view the facts and draw reasonable inferences in the light most favorable to the party opposing the summary judgment motion. In qualified immunity cases, this usually means adopting ... the plaintiff's version of the facts.'" Iko, 535 F.3d at 230 (quoting

Scott v. Harris, 550 U.S. 372, 378 (2007)). When assessing a motion for summary judgment in a qualified immunity case, the Fourth Circuit has cautioned that:

> When resolution of a case depends on determining what actually happened, "the issue is inappropriate for resolution by summary judgment." Rainey v. Conerly, 973 F.2d 321, 324 (4th Cir. 1992). This is because "[d]isputed facts are treated no differently in this portion of the qualified immunity analysis than in any other context." Buonocore v. Harris, 65 F.3d 347, 359 (4th Cir. 1995) (citing Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992)). Accordingly, "summary judgment on qualified immunity grounds is improper as long as there remains any material factual dispute regarding the actual conduct of the defendants." Id. at 359-60 (citations omitted).

Vathekan v. Prince George's Cnty., 154 F.3d 173, 179-80 (4th Cir. 1998).

The issue of qualified immunity could not be determined at the summary judgment stage in this case for the following reason: It is clearly established that if a defendant beats and injures an inmate solely for a malicious and sadistic purpose, rather than in a good faith effort to maintain and restore discipline, qualified immunity is unavailable and the defendant is liable for excessive force. See Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998), abrogated on other grounds by Wilkins v. Gaddy, 130 S. Ct. 1175 (2010). But the facts are in dispute as to what happened in Plaintiff's cell. If Plaintiff's allegations are to be believed, and if his evidence is determined to be credible, then a jury could reasonably find that Defendants applied excessive force–i.e., that Defendants entered Plaintiff's cell and beat and injured him without any provocation, with a sadistic and malicious purpose, and without the purpose of maintaining and restoring discipline. The law regarding excessive force is clearly established such that, assuming Plaintiff's version of events, Defendants should have known that Plaintiff had a clearly established right not to be subjected to such conduct. In other words, the very facts that determine the qualified immunity issue are in dispute. Therefore, qualified immunity could not be decided at the summary judgment stage. See Miles v. Bollinger, 979 F.2d 848 (4th Cir. 1992)

(unpublished) (citing Rainey v. Conerly, 973 F.2d 321, 324 (4th Cir. 1992), and stating that "[i]n cases such as this where the qualified immunity defense turns on an interpretation of facts which are in dispute, we have held that summary judgment on qualified immunity grounds is inappropriate"). "Because this dispute of facts 'regard[s] the actual conduct of the defendants,' summary judgment on qualified immunity grounds is improper." Joyner v. O'Neil, No. 3:10-cv-406, 2012 WL 560199, at *9 (E.D. Va. Feb. 21, 2012) (quotations and citations omitted).

As to Defendants' request for clarification from the Court "as to which factual dispute(s) this Court will seek special interrogatories from the jury" for the purpose of a qualified immunity analysis, the Court will address the use of special interrogatories, if any, when the matter proceeds to trial.

**IT IS, THEREFORE, ORDERED** that the Motion by Defendants Stephen Wilkinson and Michael Grosch for Reconsideration and Clarification of the Court's Order dated March 29, 2012, (Doc. No. 97), is **GRANTED** to the extent that the Court has now explained why the issue of qualified immunity could not be decided at the summary judgment stage in this case.

Signed: April 23, 2012

Robert J. Conrad, Jr.
Chief United States District Judge